UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TRAVIS COLEMAN,

        Petitioner,

        v.                                                Case No. 04-C-0624

DANIEL BERTRAND,

        Respondent.

_____

## O R D E R

Petitioner Travis Coleman ("Coleman") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 16, 1999 conviction for multiple armed robberies. Coleman entered four no contest pleas and one *Alford* plea to five counts of armed robbery by threatening the use of force, as a habitual criminal, in exchange for dismissing and reading-in two counts of armed robbery and one count of attempted armed robbery. Coleman argues that his trial counsel labored under a conflict of interest because a victim of one of the robberies was an employee of Parker Floor Covering, a client of trial counsel's law firm. Coleman argues that his appellate counsel was ineffective for failing to raise the conflict of interest issue on direct appeal. Coleman also argues that the trial court erred by refusing to allow him to withdraw his no contest and

*Alford* pleas. For the reasons stated below, the court must deny the petition for a writ of habeas corpus.

## BACKGROUND

Coleman was charged with a total of seven counts of armed robbery and one count of attempted armed robbery. At the April 7, 1999 preliminary hearing, Coleman was present and represented by Mark Tishberg. At the hearing, Tishberg disclosed that his law firm represented Parker Floor Covering, the employer of Fredrick Lachner, a victim of one of the armed robberies.

> Your Honor, before we proceed, I'd ask to make a disclosure, and that is that this witness's employer is a client of our offices just so you know. I've never represented this witness.

(Answer, Exhibit H, Preliminary Hearing Transcript at 21.) Tishberg did not ask to be disqualified, and Coleman did not object to Tishberg's continued representation. The court acknowledged the disclosure and continued taking testimony.

Eight months later, on December 16, 1999, Coleman entered into the plea bargain in which he entered four no-contest pleas and one *Alford* plea to five counts of armed robbery by threatening the use of force, as a habitual criminal, in exchange for dismissing and reading-in two counts of armed robbery and one count of attempted armed robbery. During the plea colloquy, Coleman stated that he had enough time to speak with his attorney, his attorney answered all of
- 2 -
Case 2:04-cv-00624-JPS    Filed 09/16/05    Page 2 of 11    Document 17

his questions, his attorney explained the legal elements of the crime of armed robbery and defenses to the charges, and his attorney explained the constitutional rights that Coleman would relinquish as part of the plea bargain. (*See* Answer, Ex. H, Plea at 6-8.) Coleman also stated that no one had pressured him into entering his pleas. (*Id.* at 14.) There is no evidence in the record that Coleman expressed any objection to Tishberg's representation of him generally or specifically with respect to any conflict of interest at the plea colloquy or in the eight months following the preliminary hearing.

The trial court imposed four 12-year consecutive sentences, and imposed and stayed a 20-year consecutive sentence with a 15-year consecutive term of probation. (*See* Answer, Ex. A; Ex. D at 4.) Coleman's postconviction counsel filed a motion for sentence modification, and Coleman appealed on that sole issue. Postconviction counsel investigated Coleman's claim that trial counsel had a conflict of interest but refused to raise it on appeal, determining that the claim lacked merit after Coleman entered voluntary and intelligent pleas. (*See* Answer, Ex. B at 3, 6.)

Coleman filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. Coleman argued that his postconviction counsel was ineffective for failing to seek plea withdrawal based upon trial counsel's alleged conflict of interest. On April 4, 2003, the Wisconsin Court of Appeals rejected Coleman's

argument and affirmed the circuit court's order denying collateral postconviction relief. (Answer, Ex. B.) The court held that "Coleman undisputedly waived this issue incident to the comprehensive plea bargain that encompassed the Parker Floors robbery charge." (Answer, Ex. B at 3.) The Wisconsin Court of Appeals cited *State v. Stehle*, 577 N.W.2d 29 (Wis. Ct. App. 1998), and *State v. Riekkoff*, 332 N.W.2d 744 (Wis. 1983). In addition to waiving the argument, the Wisconsin Court of Appeals also determined that Coleman's ineffective assistance claims are insufficient on the merits because Coleman did not allege an actual conflict of interest. (Answer, Ex. B at 4-6.) "Apart from waiving this potential issue by entering no contest and *Alford* pleas, Coleman does not allege, much less clearly and convincingly demonstrate, how his counsel's cross-examination of this victim at the preliminary hearing adversely affected his interests, or why after the comprehensive plea bargain, postconviction counsel's failure to challenge trial counsel's effectiveness was ineffective." (Answer, Ex. B at 6.) The court also noted that the Parker Floor Covering count was one of the counts dismissed and read-in at sentencing and that Coleman's "potential issue [of conflict of interest] lost its marginal significance." (*Id.*) The Wisconsin Supreme Court denied Coleman's petition for review on July 9, 2003.

Coleman filed a federal petition for a writ of habeas corpus on June 29, 2004, raising three issues which are all predicated upon his trial counsel's alleged

conflict of interest: (1) ineffective assistance of trial counsel based upon an actual conflict of interest; (2) ineffective assistance of appellate counsel for failing to raise the conflict of interest issue during direct appeal; and (3) in light of trial counsel's conflict of interest, the trial court erred by refusing to allow the petitioner to withdraw his four no contest pleas and his one *Alford* plea. (*See* Petition, ¶ 22.)

## ANALYSIS

I.   Procedural default

The state argues that Coleman procedurally defaulted on his claim that trial counsel was laboring under a conflict of interest when he chose to accept the state's plea offer and enter voluntary and intelligent no-contest pleas after having been made aware of the potential conflict. (Respondent's December 27, 2004 brief at 6-9.)

Procedural default generally occurs in one of two situations: either (1) a petitioner failed to present the federal constitutional issue fairly to the state courts before raising it in the federal habeas proceedings, *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000), or (2) the state court rejected the claim on an independent and adequate state law ground. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

If a petitioner procedurally defaulted on his claim in the state court, a federal court may not grant habeas relief unless the petitioner "can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

"It is well established that a no contest plea, voluntarily and understandingly made, constitutes a waiver of all nonjurisdictional defects and defenses." *Stehle*, 577 N.W.2d 29, 31. The court finds that Coleman's waiver constitutes an independent and adequate ground of state law to support the Wisconsin Court of Appeals' decision. Coleman offers no reason for this court to excuse his waiver or otherwise reject the reasoning of the state court's determination that Coleman waived the issue that his trial counsel was laboring under a conflict of interest. Accordingly, the court finds that all of Coleman's claims, which are predicated upon his trial counsel's alleged conflict of interest, are waived.

II.   Conflict of interest

Even if Coleman had not waived the conflict of interest issue, the state court's rejection of the merits of Coleman's claims is not an unreasonable application of clearly established federal law.

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus here, because the petition was filed after the effective date of the statute. *See, e.g., Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA's standards, if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or if the state court's determination of the facts was unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 1519 (2000). A state court decision must be more than incorrect from the point of view of the federal court; AEDPA requires that it be "unreasonable," which means the decision lies well outside the boundaries of permissible differences of opinion. *Id.* at 1522. Findings of fact made by the state courts are presumed correct and are rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000).

To establish a Sixth Amendment violation on the basis of a conflict of interest, Coleman may proceed on one of two theories: Coleman may show that a his trial attorney had a potential conflict of interest that prejudiced his defense, *Strickland v. Washington*, 466 U.S. 668 (1984), or that his attorney had an actual

conflict of interest that adversely affected his attorney's representation. *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980); *see also Mickens v. Taylor*, 535 U.S. 162 (2002); *Strickland v. Washington*, 466 U.S. 668, 692 (1984); *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004).

Proceeding under *Cuyler* places a "lighter burden" on the defendant than *Strickland* because demonstrating an "adverse effect" is significantly easier than demonstrating "prejudice." *Hall*, 371 F.3d at 973; *Enoch v. Gramley*, 70 F.3d 1490, 1496 (7th Cir. 1995). Coleman proceeds under the *Cuyler* standard. (See Petitioner's brief at 9.)

Under *Cuyler*, a conflict exists if defense counsel was faced with a choice between advancing his own interests above those of his client. *See Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004). A petitioner must also show adverse effect by showing that there is a reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest. *Id.*

Coleman alleges that his trial counsel had divided loyalties between his representation of Coleman and counsel's financial interests in continued business with Parker Floor Covering. (Petitioner's brief at 10.) Even if this court accepts Coleman's argument that trial counsel's loyalties were divided between his representation of Coleman and his own financial interests, *see Rosenwald v. United States*, 898 F.2d 585, 587 (7th Cir. 1990), Coleman must still show that the

actual conflict of interest adversely affected his counsel's performance. *See Mickens*, 535 U.S. at 171.

Coleman has not demonstrated that his counsel's performance would have been different if counsel's law firm had never represented Parker Floor Covering. Coleman does not claim that his trial attorney pressured him to enter no-contest pleas, gave him bad advice, or made strategic blunders because of the attorney's conflict of interest. *See Hall*, 371 F.3d at 974. At his plea colloquy, Coleman declared that no one had pressured him, and Coleman expressed no dissatisfaction with his attorney's representation. (*See* Answer, Ex. H, Plea at 6-8, 14.) Coleman asserts that his trial counsel "thr[ew] his loyalty to the alleged victims," (Petitioner's brief at 11), but he does not say how other than to complain that he was not present in court during "four crucial hearings." (Petitioner's brief at 13.) According to Coleman, however, the hearings were status conferences during which Coleman's counsel agreed to adjournments of the trial date. (*See* Petitioner's brief at 2-3.) Such hearings can hardly be described as crucial to Coleman's right to a jury trial. Additionally, Coleman has not shown a reasonable likelihood that his trial counsel's conflict of interest was related at all to Coleman's absences at the four status conferences.

The state courts did not unreasonably apply *Cuyler*, *Strickland*, and *Mickens* to Coleman's claim. The trial court held:

> Nothing in the defendant's submissions links an alleged conflict of interest with any aspect of the representation. In fact, as part of the plea negotiations in this case, the robbery count involving Parker Floors (count six), was dismissed and read in for purposes of sentencing. The court will not speculate that a conflict of interest existed based upon the mere fact that one of the victims in this case was also one of the defense counsel's clients.

(Answer, Ex. B at 5.) The Wisconsin Court of Appeals also held that Coleman had not demonstrated how his trial counsel's alleged conflict of interest adversely affected his performance. (*Id.* at 6.) Coleman argues that the trial court erred as a matter of law in determining that Coleman was required to link the alleged conflict of interest with any aspect of counsel's representation. (Petitioner's brief at 24.) Coleman is wrong. *Mickens*, 535 U.S. at 171 (stating that a defendant must show "a conflict that affected counsel's performance–as opposed to a mere theoretical division of loyalties"). In this case, Coleman has merely pointed to a theoretical division of loyalties. All of Coleman's claims are predicated upon trial counsel's alleged conflict of interest, and the state courts properly rejected Coleman's claims based upon Coleman's failure to show that trial counsel's performance was adversely affected by the alleged conflict.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this __16th__ day of September, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge